IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XIRGO TECHNOLOGIES, LLC; XIRGO HOLDINGS, INC.<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-02463<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect" or "Plaintiff") files this Complaint against Defendants Xirgo Technologies, LLC and Xirgo Holdings, Inc. (collectively, "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.　This is a patent infringement action to stop Defendants' infringement of the following United States Patents (collectively, the "Asserted Patents"), issued by the United States Patent and Trademark Office ("USPTO"):

| | Patent No. | Title | Reference |
|---|---|---|---|
| 1. | 7,741,968 | System And Method for Navigation Tracking of Individuals in a Group | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7741968 |
| 2. | 6,941,223 | Method And System For Dynamic Destination Routing | https://ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6941223 |
| 3. | 7,206,837 | Intelligent Trip Status Notification | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7206837 |
| 4. | 9,299,044 | System And Methods For Management Of Mobile Field Assets Via Wireless Handheld Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9 299044 |

|    | Patent No. | Title | Reference |
|----|------------|-------|-----------|
| 5. | 9,747,565 | System And Methods For Management Of Mobile Field Assets Via Wireless Handheld Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9747565 |
| 6. | 10,671,949 | System And Methods For Management Of Mobile Field Assets Via Wireless Handheld Devices | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10671949 |
| 7. | 6,549,583 | Optimum Phase Error Metric for OFDM Pilot Tone Tracking in Wireless LAN | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/6549583 |

2. Plaintiff seeks monetary damages.

## PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

4. Based upon public information, Defendant Xirgo Technologies, LLC is a limited liability company organized under the laws of Delaware and is headquartered at 2100 Golf Road, Suite 290, Rolling Meadows, IL 60008.

5. Based upon public information, Xirgo Technologies, LLC may be served through its registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6. Based upon public information, Defendant Xirgo Holdings, Inc. is a corporation organized under the laws of Indiana and is headquartered at 2100 Golf Road, Suite 290, Rolling Meadows, IL 60008.

7. Based upon public information, Xirgo Holdings, Inc. may be served through its registered agent at Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

8. Based upon public information and belief, Xirgo Technologies, LLC and Xirgo Holdings, Inc. are affiliated companies. *See Privacy Notice*, XIRGO (last visited Oct. 30, 2025),

https://xirgo.com/privacy-policy/.

9. Based upon public information, Defendants have a place of business at 12110 Sunset Hills Rd, Suite 600, Reston, VA 20190. *See Find Us Worldwide*, XIRGO https://xirgo.com/contact/locations/ (last visited Nov. 14, 2025).

## JURISDICTION AND VENUE

10. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-9 above as though fully set forth in their entirety.

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12. Venue is proper against Defendants in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(c) because Defendants have maintained an established and regular place of business in this District and have committed acts of patent infringement in this District from that regular and established place of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

13. Defendants offer products and services, including through the use of the Accused Products defined below, and conduct business in this District.

14. Defendants are subject to this Court's specific and general personal jurisdiction under due process because of Defendants' substantial business in this District, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Virginia and this District; (iii) having an interest in, using, or possessing real property and this District; and (iv) having and keeping personal property in Virginia and in this District.

15.   Specifically, Defendants intend to do and do business in, have committed acts of infringement in this District directly, through intermediaries, and offer their products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

16.   On public information and belief, as discussed above, Defendants own, operate, manage, conduct business, and direct and control the operations and employees of facilities at a location in this District, including, but not limited to, 12110 Sunset Hills Rd, Suite 600, Reston, VA 20190.  *See* ¶ 9, *supra*; *see also* Figure 1, *infra*.

**Find Us Worldwide**

With key locations across the globe, Xirgo is here to help you stay connected and on track with world-class solutions that deliver excellence across the entire IoT ecosystem.

Home › Contact › Locations

**United States Offices**

| Headquarters<br>**Illinois Office**<br>2100 Golf Road,<br>Suite 290<br>Rolling Meadows,<br>IL<br>60008 | **Minnesota Office**<br>7003 W<br>Lake Street<br>St. Louis Park, MN<br>55426 | **Virginia Office**<br>12110 Sunset<br>Hills Rd<br>Suite 600<br>Reston, VA 20190 |

**Xirgo Technical Support**

Are you a registered customer? Click here to submit a support request via our customer portal.

**Contact Xirgo Technical Support:**
Email: support@xirgo.com

Phone:
1-800-391-7094 or +44 (0) 1483 397005

Figure 1, *available at* https://xirgo.com/contact/locations/.

17.   Defendants direct and control all activities of their United States offices, including any affiliate companies that work out of any of Defendants' United States offices.

---

18. Defendants offer products and services and conduct business in this District as described in further detail below.

19. Defendants ship and cause to be shipped into this District infringing products and materials instructing their customers to perform infringing activities and/or to their employees, exclusive and non-exclusive contractors, agents, and affiliates for installation, operation, and service at locations within this District

20. Defendants market, sell, and deliver accused products in this District, and have committed acts of infringement in this District.

## THE ACCUSED PRODUCTS

21. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-20 above as though fully set forth in their entirety.

22. Based upon public information, Defendants make, sell, offer for sale, use, cause to be used, provide, supply, distribute, and/or import Xirgo's transportation solution which incorporates a fleet management platform and tracking solutions, including but not limited to:

(a) all in-cab tablets, smartphones, laptops, computers, and/or devices provided by Xirgo to drivers and all Electronic Logging Device Systems ("ELDs") that those devices are in communication with, as the term ELDs is used by the USDOT, FMCSA, and/or mandated as part of MAP-21 that commercial motor vehicle operators must use (*see* https://eld.fmcsa.dot.gov/) including, but not limited to, In-Vehicle Display Tablets (ELD Tablets), Xirgo Telematics Devices (e.g., XT6300, XT2500, XT6264, XG3700, XT2400, XT2100, XT2180, XT5273A, FMS500 Light, FMS500 Light+, FMS500 STCAN, FMS500 TACHO, XT4964, Xirgocam XT-BB-22, XG3780 SDK 4G (e.g., XG3780U00C1, XG3780U00C2, XG3780U00C3, XG3780U00C4, and XG3780U00C5),

XT4500, XT4900, XT4700, XT3100, XG3700 XTCAN SDK, XG3700 LIGHT SDK, XG3700 LIGHT+ SDK, XG3700 STCAN SDK, and XG3700 TACHO SDK), Xirgo Fleet Management application/software/website, Xirgo Global Logistics application/software/website, Xirgo Asset Telematics (Xirgo Asset Monitoring & Control), Xirgo Driver app (*e.g.*, Xirgo Global Logistics app), and any other similar devices applications, and/or instrumentalities;

(b) all Asset Tracking Devices including, but not limited to, the XT6300, XT2500, XT6264, XG3700, XT2400, XT2100, XT2180, XT5273A, FMS500 Light, FMS500 Light+, FMS500 STCAN, FMS500 TACHO, XT4964, Xirgocam XT-BB-22, XG3780 SDK 4G (e.g., XG3780U00C1, XG3780U00C2, XG3780U00C3, XG3780U00C4, and XG3780U00C5), XT4500, XT4900, XT4700, XT3100, XG3700 XTCAN SDK, XG3700 LIGHT SDK, XG3700 LIGHT+ SDK, XG3700 STCAN SDK, and XG3700 TACHO SDK, or any product, service, device, or instrumentality that supports tracking, routing, monitoring, maintenance, messaging, workflow, and compliance for vehicles, cabs, trailers, containers, and equipment and that communicates using GNSS/GPS, and/or 4G/LTE and their various subsections and functionally similar protocols or standards;

(c) any relevant Fleet Management Software/Application/Website/Platform/Portal that provides, processes, and/or displays routing, location, tracking, status information, vehicle alerts or information, or driver alerts or information from or to any of the devices described in (a)-(b) above;

(d) other substantially similar products and services offered in the past or the future, and

(e) all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality

associated with those products and solutions. *See* **Exhibits A-G** (Evidence of Use Regarding Infringement of the Asserted Patents).

23. Defendants own, operate, advertise, and/or control at least the website https://xirgo.com/ through which they advertise, sell, offer to sell, promote, provide and/or educate customers about their products, including the Accused Products.

24. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,741,968

25. Fleet Connect repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

26. The USPTO duly issued U.S. Patent No. 7,741,968 (the "'968 patent") on June 22, 2010, after full and fair examination of Application No. 12/143,707, which was filed on June 20, 2008. The '968 patent is entitled "System and Method for Navigation Tracking of Individuals in a Group."

27. Fleet Connect owns all substantial rights, interest, and title in and to the '968 patent, including the sole and exclusive right to prosecute this action and enforce the '968 patent against infringers and to collect damages for all relevant times.

28. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '968 patent.

29. The claims of the '968 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include

inventive components that improve upon the function and operation of preexisting data transmission methods.

30. The written description of the '968 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

31. Defendants have directly infringed one or more claims of the '968 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

32. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 4 of the '968 patent, as detailed in **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,741,968).

33. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,941,223

34. Fleet Connect repeats and re-alleges the allegations in above as though fully set forth in their entirety.

35. The USPTO duly issued U.S. Patent No. 6,941,223 (the "'223 patent") on September 6, 2005, after full and fair examination of Application No. 10/339,663, which was filed on January 10, 2003.

36. Fleet Connect owns all substantial rights, interest, and title in and to the '223 patent, including the sole and exclusive right to prosecute this action and enforce the '223 patent against infringers and to collect damages for all relevant times.

37. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '223 patent.

38. The claims of the '223 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather the claimed inventions include inventive components that improve upon the function and operation of preexisting error estimation methods.

39. The written description of the '223 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

40. Defendants have directly infringed one or more claims of the '223 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

41. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 19 of the '223 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 6,941,223).

42. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,206,837

43. Fleet Connect repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

44. The USPTO duly issued U.S. Patent No. 7,206,837 (the "'837 patent") on April 17, 2007, after full and fair examination of Application No. 10/287,151, which was filed November 4, 2002.

45. Fleet Connect owns all substantial rights, interest, and title in and to the '837 patent including the sole and exclusive right to prosecute this action and enforce the '837 patent against infringers and to collect damages for all relevant times.

46. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '837 patent.

47. The claims of the '837 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

48. The written description of the '837 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

49. Defendants have directly infringed one or more claims of the '837 patent by making,

using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

50. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '837 patent, as detailed in **Exhibit C** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,206,837).

51. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,299,044

52. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-59 above as though fully set forth in their entirety.

53. The USPTO duly issued U.S. Patent No. 9,299,044 (the "'044 patent") on March 29, 2016, after full and fair examination of Application No. 14/480,297, which was filed on November 4, 2002.

54. Fleet Connect owns all substantial rights, interest, and title in and to the '044 patent including the sole and exclusive right to prosecute this action and enforce the '044 patent against infringers and to collect damages for all relevant times.

55. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '044 patent.

56. The claims of the '044 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include

inventive components that improve upon the function and operation of voice and data communications systems.

57. The written description of the '044 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

58. Defendants have directly infringed one or more claims of the '044 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

59. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '044 patent, as detailed in **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 9,299,044).

60. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 9,747,565

61. Fleet Connect repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

62. The USPTO duly issued U.S. Patent No. 9,747,565 (the "'565 patent") on August 29, 2017, after full and fair examination of Application No. 15/071,003, which was filed on March 15, 2016.

63. Fleet Connect owns all substantial rights, interest, and title in and to, the '565 patent including the sole and exclusive right to prosecute this action and enforce the '565 patent against infringers and to collect damages for all relevant times.

64. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '565 patent.

65. The claims of the '565 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

66. The written description of the '565 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

67. Defendants have directly infringed one or more claims of the '565 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

68. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '565 patent, as detailed in **Exhibit E** (Evidence of Use Regarding Infringement of U.S. Patent No. 9,747,565).

69. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for

such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI: <u>INFRINGEMENT OF U.S. PATENT NO. 10,671,949</u>

70. Fleet Connect repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

71. The USPTO duly issued U.S. Patent No. 10,671,949 (the "'949 patent") on June 2, 2020, after full and fair examination of Application No. 15/660,685, which was filed on July 26, 2017.

72. Fleet Connect owns all substantial rights, interest, and title in and to the '949 patent including the sole and exclusive right to prosecute this action and enforce the '949 patent against infringers and to collect damages for all relevant times.

73. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '949 patent.

74. The claims of the '949 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

75. The written description of the '949 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

76. Defendants have directly infringed one or more claims of the '949 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

77. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '949 patent, as detailed in **Exhibit F** (Evidence of Use Regarding Infringement of U.S. Patent No. 10,671,949).

78. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 6,549,583

79. Fleet Connect repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

80. The USPTO duly issued U.S. Patent No. 6,549,583 (the "'583 patent") on April 15, 2003, after full and fair examination of Application No. 09/790,429, which was filed February 21, 2001.

81. Fleet Connect owns all substantial rights, interest, and title in and to the '583 patent, including the sole and exclusive right to prosecute this action and enforce the '583 patent against infringers and to collect damages for all relevant times.

82. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '583 patent.

83. The claims of the '583 patent are not directed to an abstract idea and are not limited to

well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting error estimation methods.

84. The written description of the '583 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

85. Defendants have directly infringed one or more claims of the '583 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

86. Defendants have directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '583 patent, as detailed in **Exhibit G** (Evidence of Use Regarding Infringement of U.S. Patent No. 6,549,583).

87. Fleet Connect has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

88. Fleet Connect hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

89. Fleet Connect requests that the Court find in its favor and against Defendants, and that the Court grant Fleet Connect the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendants or others acting in concert therewith;

b. Judgment that Defendants account for and pay to Fleet Connect all damages to and costs incurred by Fleet Connect because of Defendants' infringing activities and other conduct complained of herein;

c. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Fleet Connect its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 24, 2025

Respectfully submitted,

By: */s/ William R. Poynter*

William R. Poynter (VSB No. 48672)
**KALEO LEGAL**
4456 Corporation Lane, Suite 135
Virginia Beach, Virginia 23462
Telephone: (757) 238-6383
Facsimile: (757) 304-6175
wpoynter@kaleolegal.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305, (202) 316-1591
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

*Attorneys for Plaintiff FLEET CONNECT SOLUTIONS LLC*

\* *Pro hac vice* admission to be filed